STATE *v.* WALKER.

[76 South. 634. Division A.]

LARCENY. *Indictment. Sufficiency. Dollar. Statute.*

Under Code 1906, section 1436, providing that in indictments for larceny or embezzlement of money, it shall be sufficient to de-

scribe the property in general terms as money, etc., of or about a certain amount and of certain value, an indictment which charged that defendant stole seventy-seven dollars and fifty cents of the value of seventy-seven dollars and fifty cents which was the property of another, was sufficient to charge an offense, though not specifically alleging that the property stolen was money, since the description of it as seventy-seven dollars and fifty cents of the value of seventy-seven dollars and fifty cents, identified it as money, for when we speak of dollars and cents we are speaking of money.

APPEAL from the circuit court of Leflore county.

HON. F. E. EVERETT, Judge.

Ella Walker was indicted for larceny and from a judgment sustaining a demurrer to the indictment the state appeals.

The facts are fully stated in the opinion of the court.

*Earl Floyd,* assistant attorney-general, for the state.

The first ground of the demurrer is that the indictment does not inform the defendant as to the nature of the accusation against her. The indictment complained of is based on section 1436, Code 1906, which is as follows:

"In indictments for larceny or embezzlement of money or evidences of debt, it shall be sufficient to describe the property in general terms, as money," "bank-notes," "checks," "bills of exchange," "promissory notes," and the like, of or about a certain amount and of certain value; and in an indictment for embezzlement of money or funds by a treasurer, cashier, or other fiduciary, it shall be sufficient to describe the same as a "balance of account" and "of a certain value." It is to be observed that the indictment apprises the appellee of the amount of the money stolen and the ownership thereof, and complies with every requirement of the statement of the statute quoted above. The place from which the money was stolen is in no way descriptive of the offense and need not be averred in the indictment. Before the en-

actment of the above general statute it was not sufficient to describe money in general terms giving only the aggregate amount without any specifications of the denomination of the pieces, but with this statute it is unnecessary to describe the pieces of coin alleged to have been stolen, it being sufficient to designate it in general terms, giving only the amount and ownership. The effect of this statute dispensing with any description of money other than a simple designation as such puts this subject of larceny on a different footing from chattels and movables, the names or designations of which do not of themselves import value.

In the case of *Richburger* v. *State,* 44 So. 772, this court held that it was unnecessary under section 1436, *supra,* for the indictment to aver the value of the money, when a designated sum of money was alleged to have been embezzled, with the court saying that: "The charge against the defendant that he had embezzled eight thousand six hundred fifty-nine dollars and fifty-nine cents, by its very terms fixes the amount of money charged to have been embezzled; and the words 'amount' and 'value' when applied to money are synonymous."

However, in the case at bar it is to be observed that a separate averment was made as to value. It is unnecessary to aver that the money was lawful money of legal tender as the above statute dispenses with any requirment of the kind. "The word "dollars" means money in the form of the lawful currency of the United States. A dollar is a unit of our currency, and imports, to the common understanding, the meaning of a thing of value. While the term "dollar" may be used as descriptive of certain kinds of coin valued at one hundred cents each, yet the authorities hold that the word "dollar" in an indictment does not of necessity mean coin, inasmuch as in common parlance there are paper dollars as well as silver dollars. It has been held that the description of the amount in an indictment as a certain number of "dollars" was supported by proof, that it

was United States bank paper for that amount. *Graham v. State*, 245 Humphrey 44, 81 Tenn. 40; 3 Words and Phrases, page 2161; 2 Words and Phrases (2 Series), page 127.

I respectfully submit that the court was in error in sustaining the demurrer in the indictment in this case, and that the judgment so holding should be reversed.

HOLDEN, J., delivered the opinion of the court.

This is an appeal by the state from a judgment of the circuit court of Leflore county sustaining a demurrer to an indictment wherein the appellee was charged with stealing seventy-five dollars and fifty cents. The indictment, leaving out the formal parts, is as follows:

"Upon their oaths present that Ella Walker, in said county, on the 16th day of January, 1917, seventy-seven dollars and fifty cents, of the value of seventy-seven dollars and fifty cents, of the property of Tom Steele, then and there being found, did then and there unlawfully, willfully, and feloniously, take, steal, and carry away, against the peace and dignity of the state of Mississippi."

The demurrer presents several grounds, and it does not appear in the record upon which ground the court sustained the demurrer, but we suppose it was sustained on the ground that the indictment failed to charge that the property stolen was "money." The indictment is based on section 1436, Code of 1906, which in part is as follows:

"In indictments for larceny or embezzlement of money or evidences of debt, it shall be sufficient to describe the property in general terms as 'money,' 'bank notes,' 'checks,' 'bills of exchange,' 'promissory notes,' and the like, of or about a certain amount and of certain value," etc.

While the indictment is drawn in an unusual way, and does not charge that the property stolen was "money,"

still we think that it is a good indictment, as it charges all of the necessary elements and ingredients of the crime of larceny. It fully informs the defendant of the nature and cause of the accusation, the amount of money stolen, the ownership and value thereof, the time and place, and the felonious taking, stealing, and carrying away of the property. It is true the indictment does not use the word "money," yet it states that "seventy-seven dollars and fifty cents, of the value of seventy-seven dollars and fifty cents," was stolen. Certainly when we speak of dollars and cents we are speaking of money, and this description of the property is a substantial compliance with the requirments of the statute on larceny. *Graham* v. *State,* 5 Humph. (Tenn.) 40; Words and Phrases, vol. 3, p. 2161; Words and Phrases (2d Ed.), vol. 2, p. 127.

The judgment of the court below is reversed, and the cases remanded.

*Reversed and remanded.*